IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:**<br><br>**Uptown Holdings, LLC,**<br><br>        **Debtor.** | **Case No. 23-00242-ELG**<br><br>**Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3. On August 29, 2023, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4. On September 14, 2023, the Debtor filed its Schedules and Statement of Financial Affairs. Doc. Nos. 14-15.

5. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

1

6.      At the time of filing this Motion, the Debtor has failed to file monthly operating reports for the month of September 2023.

7.      The Debtor has also failed to pay the fees due to the U.S. Trustee's office in the estimated amount of $250.00 for the third quarter of 2023 as of the date of the filing of this Motion. This amount could be higher based on disbursement amounts listed in the delinquent monthly operating report mentioned above.

8.      In addition, on November 10, 2023, Debtor's counsel, Frank Morris II, filed a Motion to Withdraw Appearance of Counsel. Doc. No. 28. In the Motion to Withdraw, Mr. Morris states that he is withdrawing as counsel due to the Debtor's "lack of cooperation and communication with counsel".

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file monthly operating reports for September 2023. Failure to file these reports is grounds for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(K) cause exists where "failure to pay any fees or charges required under chapter 123 of title 28". The Debtor currently is past due paying estimated chapter 11 fees of $250.00 for the 3rd quarter of 2023. These fees could be greater depending upon the disbursements reported in the missing monthly operating report aforementioned. Failure to pay these fees on a timely and accurate manner are causes for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply, the debtor must either: "(a) demonstrate that unusual circumstances exist that would make dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable period of time." *In re Park*, 426 B.R. 811, 815 (Bankr. W.D. Va. 2010); see also *Warren v. Young (In re Warren)*, No. 08-31697, 2015 WL 3407244, at *4 (9th Cir. BAP May 28, 2015) (determining that to defeat a prima facie case, (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of the creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time).

The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the interest of the creditors of the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

November 15, 2023                                      GERARD R. VETTER
ACTING U.S. TRUSTEE, REGION 4

By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

## Certificate of Service

I hereby certify that on November 15, 2023, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Nancy L. Alper nancy.alper@dc.gov

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Frank Morris, II frankmorrislaw@yahoo.com, jaynell1128@yahoo.com; bankruptcybailout@gmail.com;r63141@notify.bestcase.com

Nat Nicola Polito nat@politolaw.net

Dylan G. Trache dylan.trache@nelsonmullins.com, linnea.hann@nelsonmullins.com; alex.reilly@nelsonmullins.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

                                                    */s/ Robert W. Ours*
                                                    Robert W. Ours
                                                    Paralegal Specialist